24 C.C.P.A.(Patents)

## In re ADAMS.
## Patent Appeals No. 3759.

Court of Customs and Patent Appeals.
March 22, 1937.

Samuel E. Darby, Jr., of New York City (Floyd H. Crews, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claims numbered 25, 27, 28, 29, and 31 to 34, inclusive, of appellant's application. No claims were allowed. The ground of rejection was lack of invention in view of the prior cited art.

The claims may be divided into two groups, claims 25, 28, 31, and 33 constituting the first group, and claims 27, 29, 32 and 34 constituting the second group.

Claim 25 is illustrative of the first group and reads as follows:

"25. In a method of producing illumination approximating the color characteristics and qualities of sunlight most effective for stage and photographic lighting, the step which consists in energizing a high powered incandescent lamp, which at normal operating voltage consumes in excess of one thousand watts, with a current having a voltage not more than 75% of said normal operating voltage."

Claim 34 is illustrative of the second group and reads as follows:

"34. The method of producing full illumination for stage, auditorium and photographic lighting which consists in energizing a high powered incandescent lamp with a current having a voltage of not more than 75% of that at which said lamp is normally designed to operate to produce its maximum intensity of emitted light, to produce the emission of a light which is deficient in blue rays, and then supplying to the emitted light the deficiency in blue rays from an independent source of light which is rich in blue rays, whereby the color characteristics of sunlight at a preselected hour of the day are approximated."

The references cited are: Hewitt, 901,-294, October 13, 1908; Steinmetz, 945,-

990, January 11, 1910; D'Humy, 1,324,008, December 2, 1919; Falge, 1,924,714, August 29, 1933.

The alleged invention is sufficiently described in the quoted claims. It will be observed that the distinction between the two groups of claims is that, in the second group, there is an element not found in the first group, said element embracing a second source of light.

The principal reference is the patent to Falge. It relates to methods of using incandescent lamps so as to increase the life of the lamp. The invention is particularly directed to automobile headlamps, but the patent states that "it is to be understood that the broad principles of the invention may be applied to lamps used for other purposes." The patent discloses that, if the bulb of the lamp be used at a lower voltage and lower current than its capacity, the life of the bulb will be prolonged. The patent states:

"* * * The reduction in the amount of light emitted is, of course, undesirable, and the observer also finds the change in color of the light to be undesirable as candlepower for candlepower, it seems to reduce the visibility of the objects illuminated. * * *

"To overcome this difficulty I have incorporated in my bulb means for removing the excess red rays so that the emitted light will have for all practical purposes the same color value as that obtained from conventional bulbs. This may be done in a number of ways but I have preferred to use a bulb made of glass sufficiently blue in color to absorb the excess red rays and produce a relatively white beam. It is of course essential that the glass be colored as little as is necessary for the colored glass absorbs the rays and reduces the efficiency of the lamp."

Claim 2 of the patent reads as follows:

"2. A method of illumination which comprises operating an electric lamp filament at a current density and temperature below its usual rated capacity to cause it to emit light having an excess of red rays, and filtering out the excess of red rays to cause the resulting light to be substantially white."

The patents to Hewitt, Steinmetz, and D'Humy were relied upon by the Examiner as showing that the use of a source of light rich in blue rays to supplement a source of light deficient in these rays was well known to the art.

The Board of Appeals in its decision stated:

"There appears to be no doubt but that the efficiency of a lighting system is very much reduced by appellant's procedure but if one desires to extend the length of the life of the lamps at the expense of efficiency, we are convinced that the teachings of Falge would suggest the low voltage current with high-powered lamps as well as those usually employed on automobiles. The question before us, therefore, as we see it, is whether in carrying out an obvious operation, an unobvious result has been produced of such a nature as to afford a proper basis for patent monopoly.

"It is not clear to us why there should be any difference between the results of reducing the voltage employed with low and high-powered lamps. We believe that it is merely a matter of degree and that, in reducing the intensity of the light, more or less of the yellow light will be produced, as taught by Falge.

"In the absence, therefore, of convincing evidence that illumination of a substantially superior and unexpected nature is to be attained by dropping the voltage on high-powered lamps, and only on lamps which are designed to consume in excess of 1,000 watts, we do not feel justified in holding that appellant has discovered an unexpected result of such a nature as to warrant patent protection."

Appellant contends that a new and unexpected result has been secured in reducing the voltage of high-powered lamps to not more than 75 per cent. of their normal operating voltage, a result that would not be secured or expected from similarly operating low-power lamps as disclosed in the patent to Falge. High-power lamps are described in appellant's application as follows:

"* * * Furthermore, by the term 'high-powered' as used herein is meant lamps of from 1 K.W. to 100 K.W. rating, although the broad concept of the invention is applicable to other sizes of lamps."

The only statement that we can find in the application tending to support the claim that a result different in kind is secured in operating high-powered lamps at a reduced voltage is the following:

"* * * However, ordinary small power lamps, for example 500 watts or the like even when operated at less than rated voltage are incapable of giving off this soft yellowish light or in sufficient power to be useful practically. * * *"

It is appellant's contention also that the yellow light produced by reducing the voltage of high-power lamps is very desirable and useful for stage, auditorium, and photographic light, whereas the patent to Falge states that the yellow light produced by reducing the voltage of low-power lamps is undesirable.

We agree with the Patent Office tribunals that the first group of claims are unpatentable over the patent to Falge alone. We do not think that the statement found in appellant's application with respect to the inability of low-power lamps, when operated at less than the rated voltage, to produce the soft yellowish light produced by appellant's method in high-power lamps, is sufficient to establish that appellant has secured a new and unexpected result; but, however this may be, we think that the patent to Falge teaches that by reducing the voltage of incandescent lamps of any size the life of such lamps will be prolonged. The claims of Falge's patent embrace electric lamp filaments without limitation, and we think any licensee of Falge would have the right to use the method disclosed and claimed by him, in electric lamps of any size, and when his patent expires the public will have the same right. It is true that Falge had a very different object than the object of appellant, but the methods of both are identical so far as the first group of claims is concerned.

With respect to the second group of claims, we also agree with the Patent Office tribunals that they lack invention over Falge in view of the patents to Hewitt, Steinmetz, and D'Humy. Taking the additional step embraced in the second group of claims would clearly be obvious to one skilled in the art, in view of the references last named.

We agree with the conclusion of the Board of Appeals upon all of the rejected claims, and its decision is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in this decision.